■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE JOHNSON, Appellant.—Judgment of conviction after jury trial, Supreme Court, New York County, rendered January 17, 1974, affirmed. The dissent contains a fair outline of the evidence. Unfortunately, it also brings into this case a nonexistent requirement of corroboration of the police officer's explanation of destruction of certain tapes. A mere conflict of testimony between the two sides does not raise any legal requirement of corroboration, though no one would dispute that it would have made the officer's testimony that much stronger. His evidence is not claimed to have been inherently incredible and, if accepted as it was by the jury, it would have dissipated any possible inference of venality in the tape's erasure. The issue was one of fact, decided by the jury under an appropriate charge, and that decision should stand. Concur—Markewich, J. P., Lupiano, Lane and Nunez, JJ.;

Murphy, J., dissents in the following memorandum: Appellant was charged with, and convicted of, selling a dangerous drug on two separate days to the same undercover officer. The original contact was made through a confidential informer and an individual named Desanges. Defendant was never furnished with the name of the informer, though perhaps imperfectly requested in his omnibus motion for various forms of relief; and Desanges was a fugitive at the time of trial and did not testify. Defendant was identified as the seller by the undercover officer, who allegedly conversed with him on several subsequent occasions. Said identification was partially confirmed by the backup team, although they admitted to a prearrest photographic viewing of appellant. Defendant testified in his own behalf, claimed he had no prior record and denied knowing the undercover officer and any involvement in the alleged sale of narcotics. When pressed by the prosecutor as to why the police had charged him with a crime if he was innocent, defendant asserted that the police were pressuring him to assist them in their work. During the undercover operation which led to appellant's arrest, the police concededly made tape recordings. The prosecutor admitted that the undercover officer was wearing a Kelset transmitter when in contact with defendant; although the supervisor of the team testified that recording devices were not used on the days the alleged purchases were made. He also testified that since the tapes were inaudible and contained nothing inculpating, exculpating or involving appellant, they were destroyed. Unfortunately, we have only the police officer's testimony to confirm such facts. In view of the conflicting testimony adduced at the trial, either the tapes or the informer could have corroborated one side or the other. Neither was produced. Even if there were no recordings made on the sale dates, any conversation between the undercover officer and defendant would have corroborated the prosecutor's case. The prejudice to defendant in destruction of the police recordings and in nondisclosure of the confidential informant is manifest. Defendant claimed he was not the culprit. The prosecution hindered his attempt to prove it. Under such circumstances, the judgment of conviction should be reversed and a new trial directed.